Judge Nicholas
delivered the opinion of the court,
The plaintiffs in error sued in covenant upon a written agreement executed by them and the defendant Logan, wherein it was recited and ageed, in substance, as follows, to wit: That they, as administrators with the will annexed of Thomas Bell, held a note and three receipts for money on *594 James Bell, of whom Logan was the executor ; that James B^ll was entitled to one eighth part of the estate of Thomas Bell under his will; that, the note and receipts should re«t uncollected until a settlement of the e«tate of Thomas Bell could he had before commissioners, and that if, after deducting the eio-hth part of James Bell, there should he a balance still due from him on said notes and receipts, then said Logan agreed to pay the administrators that "balance. The declaration avers, that a settlement of the estate of Thomas Bell had thereafter been had before county court commissioners, and the eighth part thereof ascertained to he $759, “ which, deducted from the amount of said note and three receipts with their aeoruing interest until the time of ■settlement., left a balance coming to said administrators of $408;” and then concludes with a breach fog the non-payment of said balance.
As matter of forVmoney8'Pt does not charge receiptor with interest.
It is matter of discretion ■with the court ther* to allow it or not.
Recitation m a covenant ofa receipt fer money dcctrir^e're-1’0 eeipto/with interest, as a inatter oflaw
The defendant demurred to the declaration, and the circuit court sustained his demurrer.
The only ground upon which the declaration can be sustained is, that the receipts bore interest according to their own legal import and effect, or that such effect was given to them by the covenant sued on. For without charging James Bell with accrubig interest on the amounts mentioned in the receipls, the balance is in his favor and not against him.
As matter of law a receipt for money does necessarilv of itself compel the receiptor to pay interest. *s matter of discretion with a court or jury whethef to allow it or not. Nor does the covenant stir ed on bere vary the extent of the liahility of James 'n that particular. It is merely an agreement to pay the balance that may ultimately he found due by him. Whether or not he should he charged jn{eres¡(. ort fhe amounts mentioned in the re» . , , - , . . . ceipts was to be ascertained from extrinsic circuinstances. We cannot say, as a mere legal deduction, ^lat 'le was chargeable with interest. There are no. facts or circumstances alleged in the declaratios from which such án inference could be drawn. *595 Nor is it even-averred, in broad and general terms, that he was so- chargeable, so as- t-o allow a traverse and investigation of his liability on that score. The declaration treats it as a mere legal- deduction that he was liable fort'he accruing interest. We, therefore, concur with the circuit court in opinion as to-the insufficiency of the declaration.
Monroe', for plaintiffs.
The judgment must be affirmed, with-costa,